## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHANE ALLEN KITTERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-CV-3092 |
| | ) | |
| | ) | |
| ILLINOIS STATE POLICE | ) | |
| DEPARTMENT; TRACIE | ) | |
| NEWTON, in her individual | ) | |
| capacity and her official | ) | |
| capacity as the Supervisor of | ) | |
| the Sex Offender Registration | ) | |
| Unit; LEO P. SCHMITZ, in his | ) | |
| individual capacity and his | ) | |
| official capacity as Director; | ) | |
| and State of Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Shawnee

Correctional Center.  His First Amended Complaint is before the

Court for a merit review pursuant to 28 U.S.C. § 1915A.  This

section requires the Court to identify cognizable claims stated by

the complaint and dismiss claims that are not cognizable.  In

reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

For the reasons that follow, Plaintiff's First Amended Complaint is DISMISSED. Defendants State of Illinois and Illinois State Police are immune from liability under the Eleventh Amendment. Plaintiff's remaining damages claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

## I. BACKGROUND

Plaintiff originally filed his complaint in the Northern District of Illinois. That court transferred the case to the Southern District of Illinois. On February 15, 2018, Chief Judge Michael J. Reagan granted Plaintiff's motion to proceed informa pauperis.[1] On April

---

[1] When Judge Reagan granted Plaintiff IFP, Plaintiff only had two "strikes." Kitterman v. Baricevic, No. 16-cv-01099 (S.D. Ill. ) (dismissed Oct. 31, 2016); Kitterman v. Newton, No. 17-cv-00733 (S.D. Ill.) (dismissed Oct. 25, 2017). Plaintiff has since been assessed additional strikes. See Kitterman v. Norton,

23, 2018, Plaintiff filed a First Amended Complaint (d/e 22) narrowing the named defendants. Judge Reagan transferred the case to this Court because the majority of events giving rise to the action seemed to have occurred in this district and this district appears to be where each individual defendant may be found or resides. Opinion (d/e 23).

## II. FACTS

Plaintiff's First Amended Complaint, brought pursuant to 42 U.S.C. § 1983, is divided into six counts against Defendants Illinois State Police; Tracie Newton, supervisor of the Sex Offender Registration Unit, in her official and individual capacity; Leo Schmitz, Director of the Illinois State Police, in his individual and official capacity; and the State of Illinois, seeking to declare an Illinois state unconstitutional on its face and as applied.

The Court takes judicial notice of Plaintiff's criminal cases available on the St. Clair County, Illinois Circuit Court website. http://www.circuitclerk.co.st-clair.il.us/courts (last visited May 7, 2018). See Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.

---

18-cv-190 (S.D. Ill.) (dismissed March 9, 2018); Kitterman v. McGlynn, 18-cv-157 (S.D. Ill.) (dismissed April 10, 2018).

4 (7th Cir. 2015). In January 1996, Plaintiff was convicted of the amended charge of aggravated criminal sexual abuse, 720 ILCS 5/12-16(c)(1)(i), and sentenced to four years' probation. His term of probation was subsequently revoked, and, in March 1997, Plaintiff was sentenced to four years' imprisonment. He was released after serving his time.

Many years later, Plaintiff was charged with failure to register as a sex offender in St. Clair County Case No. 12-CF-1204, No. 14-CF-1422, and No. 15-CF-373. A jury found Plaintiff guilty in case No. 14-CF-1422, and Plaintiff pleaded guilty in the other two cases. On August 20, 2015, Plaintiff was sentenced to three years' imprisonment in each case. Plaintiff is currently incarcerated for these offenses with a projected parole date of May 16, 2018.

Plaintiff's First Amended Complaint contains the following allegations. Plaintiff was only required to register as a sex offender for ten years following his 1996 conviction. His plea agreement for the 1996 conviction prevented extension of the registration period. Newton and Schmitz nonetheless extended Plaintiff's registration period after the 10-year term expired, which led to his convictions for failure to register.

In 2013, Newton, the supervisor of the Illinois State Police Sex

Offender Registration Unit, conducted an administrative review of

Plaintiff's history of registration and issued a brief memorializing

her findings.  Plaintiff sought, without success, administrative

review of Newton's findings by submitting over 202 requests to the

Illinois State Police Offender Registration Unit.  Newton purportedly

failed to forward Plaintiff's requests for a hearing to the proper

Department within the Illinois State Police.  Plaintiff alleges that

Newton and/or  Schmitz:

- Changed Plaintiff's 1996 conviction information to reflect that he was convicted of a Class X felony instead of a Class 2 felony;

- Failed to provide Plaintiff with ample notice of his duty to register;

- Designated Plaintiff a "Sexual Predator," "Sexually Violent Person," and "Sexually Dangerous Person," which changed Plaintiff's registration requirements from 10 years to "lifetime";

- Caused policing agencies to turn Plaintiff away and refuse to conduct his registration after Plaintiff complained about Newton's conduct in retaliation for Plaintiff's complaints;

- Instituted a policy, custom, or practice of automatically extending the period of registration for persons like Plaintiff, knowing that the failure to register is based on police

misconduct and incompetence in the process of registration and not the unlawful actions of the registering citizen.

See Count 1 (alleging due process violation claim against the Illinois State Police, Newton, and Schmitz); Count 3 (alleging unconstitutional policy of extending registration requirements claim against the Illinois State Police, Newton, and Schmitz); Count 4 (alleging First Amendment retaliation claim against the Illinois State Police, Newton, and Schmitz); Count 6 (conspiracy claim brought against the Illinois State Police, Newton, and Schmitz).  In Counts 1, 3, 4, and 6, Plaintiff seeks compensatory and punitive damages.

Plaintiff also brings two additional claims solely against the State of Illinois.  In Count 2, Plaintiff alleges that the provision of the Illinois Sex Offender Registration Act that allows the Illinois State Police to extend an offender's registration period is unconstitutional.  730 ILCS 150/7 (providing that the Director of State Police can extend for 10 years the registration period of any sex offender who fails to comply with the Illinois Sex Offender Registration Act).  In Count 5, Plaintiff alleges that the State breached the parties' 1996 plea agreement because Plaintiff has been notified that a condition of his mandatory supervised release

following the completion of his sentences for the failure to register convictions will resurrect the requirement that he register as a sex offender. Plaintiff seeks to enjoin the State from imposing a condition of mandatory supervised release that resurrects a duty to register that has expired, assist Plaintiff in finding a host site, and provide an immediate hearing to determine Plaintiff's eligibility to participate in mandatory supervised release.

Plaintiff has previously filed, without success, numerous complaints relating to these facts against various defendants, including Newton and Schmitz. See Kitterman v. Baricevic, No. 16-1099, 2016 WL 6432615 (S.D. Ill. Oct. 31, 2016) (finding judge and state's attorney immune); Kitterman v. Director, No. 16-cv-00014, 2016 WL 6582586 (S.D. Ill. Nov. 7, 2016) (dismissal for failure to comply with Rule 8); Kitterman v. Norton, No. 18-cv-00190, 2018 WL 1240487 (S.D. Ill. March 9, 2018) (finding the plaintiff could not challenge terms of supervised release under § 1983, claims barred by Heck v. Humphrey, and some of the claims were not ripe); Kitterman v. McGlynn, No. 18-cv-157, 2018 WL 1729350 (S.D. Ill. Apr. 10, 2018) (claims barred by Heck v. Humphrey); Kitterman v. Newton, No. 17-cv-733, 2017 WL 6805697 (S.D. Ill. Oct. 25, 2017)

(claims barred by <u>Heck v. Humphrey</u>), <u>aff'd</u> No. 17-3330, 2018 WL

2068956 (7th Cir. May 3, 2018).  Plaintiff has also filed a motion

under 28 U.S.C. § 2254 challenging his St. Clair County convictions

for failure to register as a sex offender.  That case is stayed while

Plaintiff exhausts his state court remedies.  <u>See</u> <u>Kitterrman v.</u>

<u>Garnett</u>, Southern District of Illinois, Case No. 16-cv-1134.

### III. ANALYSIS

At the outset, the Illinois State Police and the State of Illinois

are entitled to immunity under the Eleventh Amendment because

the State has not waived its Eleventh Amendment immunity.  <u>See</u>

<u>Ryan v. Ill. Dep't of Children & Family Servs.</u>, 185 F.3d 751, 758

(7th Cir. 1999) (absent waiver, a state and a state agency are

entitled to immunity under the Eleventh Amendment; also noting

that neither a state nor a state agency is a person for purposes of

§ 1983); <u>Moore v. Ill. State Police</u>, No. 01 C 7231, 2001 WL

1636920, at * 2 (N.D. Ill. Dec. 20, 2001) (the Illinois State Police is a

state agency treated the same as the state itself for purposes of

Eleventh Amendment immunity).  Therefore, the claims against the

Illinois State Police and the State of Illinois are dismissed without

prejudice.

The remaining claims are against Defendants Newton and Schmitz for damages and are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).  A plaintiff cannot bring a § 1983 damages claim that necessarily implies the invalidity of his conviction or sentence.  See <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner's § 1983 damages claim must be dismissed if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence").

A judgment in favor of Plaintiff on his claims that Newton and Schmitz falsified records to cause Plaintiff to have to register, took action to prevent Plaintiff from being able to register as a sex offender, had a policy of extending registration requirements, and conspired to ensure that Plaintiff had to register for life even though his 10-year registration period had expired would necessarily imply the invalidity of Plaintiff's convictions for failure to register as a sex offender.  See <u>Kitterman v. Newton</u>, 2017 WL 6805697, at * 6 (finding that "[a] ruling that the defendants violated Plaintiff's constitutional rights based on his allegations that they falsified his sex offender registration records, required him to register as a sex offender when he had no obligation to do so, refused to give him a

hearing to resolve the issue, and applied inapplicable laws to his situation in violation of the Ex Post Facto Clause of the Constitution and his original plea agreement . . . would necessarily imply the invalidity of his present convictions for failure to register as a sex offender"), aff'd, No. 17-3330, 2018 WL 2068956 (7th Cir. May 3, 2018).  Plaintiff cannot bring such claims without first showing that his conviction or sentence has been reversed, expunged, or declared invalid.  Heck, 512 U.S. at 486-87.  Plaintiff cannot make that showing at this time.

**IT IS THEREFORE ORDERED:**

Plaintiff's First Amended Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  The claims against the State of Illinois and the Illinois State Police are barred by the Eleventh Amendment.  Plaintiff's remaining § 1983 damages claims against Defendants Newton and Schmitz are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  All pending motions are DENIED AS MOOT. THIS CASE IS CLOSED.  If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to

appeal in forma pauperis should set forth the issues Plaintiff plans

to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff

does choose to appeal, he will be liable for the $505 appellate filing

fee irrespective of the outcome of the appeal.

**ENTERED: May 7, 2018**

**FOR THE COURT:**


        **s/Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**